FILED
June 10, 2020
KAREN MITCHELL
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | CASE NO. 5:20-CR-00036-H-BQ-1 |
| BRANDON ROBERT MATTESON | § § § | |

### REPORT AND RECOMMENDATION ON ISSUE OF <u>MANDATORY DETENTION UNDER 18 U.S.C. § 3143</u>

By *Order Accepting Report and Recommendation and Order Referring the Issue of Detention to the United States Magistrate Judge*, filed May 29, 2020, this matter has been referred for issuance of a Report and Recommendation detailing the necessary findings as to whether Defendant should not be detained, pending sentencing, under the exceptions to mandatory detention identified in 18 U.S.C. § 3143(a)(2) and § 1345(c). Specifically, those provisions require that a defendant convicted for certain offenses be detained unless: (1)(a) the court finds there is a substantial likelihood that a motion for acquittal or new trial will be granted, or (b) the Government has recommended that no sentence of imprisonment be imposed, or (c) exceptional circumstances are clearly shown under § 3145(c) why the Defendant's detention would not be appropriate; *and* (2) the court finds by clear and convincing evidence that Defendant is not likely to flee or pose a danger to any other person or the community if released. *See* 18 U.S.C. §§ 3143(a)(2), 1345(c); *United States v. Carr*, 947 F.2d 1239, 1240 (5th Cir. 1991).

Before the Court is Defendant's Motion for Continued Release, filed June 8, 2020. ECF No. 32. Defendant appeared in person and through counsel for a hearing on June 10, 2020. After considering the parties' filings, evidence, testimony, oral argument, and applicable legal

authorities, the undersigned recommends that United States District Judge James Wesley Hendrix deny Defendant's motion for continued pretrial release.

## I.   Background

On March 11, 2020, the grand jury indicted Defendant on one count of Possession of Child Pornography Involving a Prepubescent Minor, in violation of 18 U.S.C. § 2252A(a)(5)(B) and 2252A(b)(2). ECF No. 1. Defendant was arrested and made his initial appearance before the Court on March 13, 2020. The Government filed no motion to detain, and the Court set a $15,000.00 unsecured bond and entered an order setting conditions of release. ECF Nos. 8, 9. Defendant subsequently signed a written plea agreement with the Government, pleading guilty to Count 1 of the indictment. ECF No. 21. The undersigned recommended that Defendant's plea be accepted, and on May 29, 2020 Judge Hendrix adopted the Report and Recommendation and adjudged Defendant guilty of Possession of Child Pornography Involving a Prepubescent Minor. ECF No. 29. Defendant is set for sentencing September 10, 2020. Because this offense is among those listed in 18 U.S.C. § 3142(f)(1)(A)–(C), and therefore requires mandatory detention absent an applicable exception, Judge Hendrix referred the matter to the magistrate judge for issuance of a Report and Recommendation for making the necessary findings. *Id*.

Defendant filed his Motion for Continued Pretrial Release June 8, 2020, alleging that (1) clear and convincing evidence exists showing he does not pose a flight risk or danger to the community and (2) exceptional reasons clearly show why his detention would not be appropriate. *See* ECF No. 32, at 2–3.[1] It is undisputed Defendant has been compliant with his conditions of

---

[1] Defendant does not argue that: (1) a "substantial likelihood [exists] that a motion for acquittal or new trial will be granted;" or (2) "an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person . . . ." § 3143(a)(2)(A)(i), (ii).

release, and the Government does not oppose continuation of Defendant's release on the conditions previously set by the Court.

## II. Analysis

"[W]hether a defendant should be released pending trial and whether a defendant should be released pending sentencing or appeal are distinct inquiries governed by different provisions of the Bail Reform Act." *United States v. Lee*, No. 01-30876, 2001 WL 1747632, at *1 (5th Cir. Dec. 4, 2001). Section 3143 governs release pending sentencing. *See* Fed. R. Crim. P. 46(c). Because "[a] convicted defendant has no constitutional right to bail," § 3143(a) "'establishes a presumption against' its being granted" (*United States v. Olis*, 450 F.3d 583, 585 (5th Cir. 2006) (citation omitted)) and requires detention of any person found guilty of an offense listed in § 3142(f)(1)(A)–(C), absent an applicable exception. *See* 18 U.S.C. § 3143(a)(2).

> (2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless--
>
> > **(A)(i)** the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
> >
> > **(ii)** an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
> >
> > **(B)** the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

*Id*. In addition, § 3145(c) authorizes release for a defendant subject to mandatory detention where the defendant: (1) demonstrates by clear and convincing evidence he "is not likely to flee or pose a danger to the safety of any other person or the community" *and* (2) clearly shows "that there are exceptional reasons why [his] detention would not be appropriate." 18 U.S.C. § 3145(c); *see Carr*, 947 F.2d at 1240.

Here, Defendant has been adjudged guilty of a violation of 18 U.S.C. § 2252A(a)(5)(B) and 2252A(b)(2), Possession of Child Pornography Involving a Prepubescent Minor. *See* ECF No. 29. This offense is a "crime of violence" under § 3142(f)(1)(A), i.e., "any felony under chapter . . . 110." *See* 18 U.S.C. §§ 3143(a)(2), 3156(a)(1)(4)(C); *see also United States v. Fitzpatrick*, No. 02-20424, 2002 WL 1397104, at *1 (5th Cir. June 11, 2002) (finding that possession of child pornography is a "crime of violence" within the meaning of § 3142(f)(1)(A)). Defendant concedes as much in his motion but nevertheless invokes § 1345(c), arguing it authorizes his continued release because he has: (1) clearly shown exceptional circumstances why his detention would not be appropriate; and (2) demonstrated by clear and convincing evidence he is not likely to flee or pose a danger to any other person or the community if released. *See* ECF No. 32, at 2–3.

The Defendant argues that the following factors, in combination, constitute exceptional circumstances: his prior employment as a correctional officer at the Clements Unit of the Texas Department of Criminal Justice makes him a target for retaliation if he were detained, the current COVID-19 pandemic creates a risk for him in the event of detention, and the facts surrounding the crime for which he was adjudged guilty did not involve actual violence to a child. The Court does not agree that Defendant has shown exception circumstances.

First, the facility where Defendant is detained can take sufficient precautions to protect him from retaliation. Given the crime for which Defendant has been found guilty, the facility likely would take additional steps to protect Defendant from other inmates who wished to do him harm because of that reason alone.

Second, generalized fears of being exposed to the novel coronavirus in detention facilities, such as those expressed by Defendant, are insufficient to constitute an exceptional reason for relief from detention. *See United States v. Kerr*, No. 3:19-cr-296-L, 2020 WL 1529180 (N.D. Tex. Mar.

4

31, 2020). Defendant offered no evidence to demonstrate that he was at an elevated risk of contracting the virus if he were detained or that the facility where he would be detained presents an unreasonable risk of infection. In the absence of such evidence, Defendant's concerns, though serious, are insufficient to present an exceptional reason for continued release.

Finally, Defendant's argument that he should remain on release because his crime did not involve a violent act is unavailing. In support of his argument, Defendant cites *United States v. Reboux*, No. 06-CR-451-FJS, 2007 WL 4409801 (N.D.N.Y. Dec. 14, 2007). In that case, the district judge reversed a magistrate judge's order detaining a defendant who had been adjudged guilty of possession of child pornography pending sentencing. In doing so, the district judge noted that although the offense for which the defendant had pleaded guilty and been adjudged guilty was a "crime of violence" for sentencing purposes, the facts of the offense did not include any actual violent act against a child. *Id.* at *2. However, this was but one factor among others the district judge considered, including the defendant's "exceptionally low risk of flight or danger to others," "complete and unconditional" cooperation with authorities, and his "exemplary behavior prior to and during the criminal proceedings." *Id.* at 3. Of "particular weight" was a letter of support from the defendant's rabbi, who said he rarely put his "neck on the line" for a congregant in that fashion. *Id.* Defendant in the instant case did not support his motion for continued release with similar supporting evidence.

Defendant concedes that the Fifth Circuit has held that possession of child pornography involving a prepubescent minor is a "crime of violence" under 18 U.S.C. §§ 3142(f) and 1343. *See* ECF No. 32 at 2. The Fifth Circuit has not adopted a further distinction for violation of that statute in the detention context such as that suggested by the court in *Reboux*. In the absence of binding authority to the contrary, the undersigned concludes that the absence of actual violence toward a

5

child in the underlying offense does not qualify as an exceptional circumstance justifying Defendant's continued release pending sentencing.

Considered together, Defendant's reasons for justifying continued pretrial release do not rise to the level of exceptional reasons accepted by other courts. However, should Judge Hendrix rule otherwise, the undersigned does find that Defendant showed by clear and convincing evidence that he does not present a risk of flight or nonappearance or a danger to another person or the community if released. Defendant argued without objection from the Government that he has been compliant with the terms and conditions of his pretrial release order, he does not have a prior history of criminal convictions, and he has no history of violence. As noted previously, the Government does not oppose Defendant's continued release on conditions pending sentencing.

### III.  Recommendation

For these reasons, the undersigned **RECOMMENDS** that United States District Judge James Wesley Hendrix deny Defendant's motion for continued pretrial release.

### IV.  Right to Object

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2017); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Report and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate

judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Signed June 10, 2020.

                                                                                                 _____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE